**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF`** |
| **V.**        **CASE NO. 4:11CR00222 JMM** | |
| **CHARLES MICHA HENDRICKS** | **DEFENDANT** |

**ORDER**

Defendant was indicted on October 5, 2011, with possession with intent to distribute at least 5 kilograms cocaine hydrochloride. This indictment resulted from a traffic stop of Defendant for impeding traffic by Arkansas State Trooper Cpl. Lowry Astin in St. Francis County, Arkansas, on August 30, 2011. Defendant contends the initial stop of his vehicle was in violation of the Fourth Amendment. On December 12, 2011, Defendant filed a Motion To Suppress all evidence and statements given by Defendant after the unlawful stop as fruit of the poisonous tree of the illegal stop. For the reasons stated below the motion is denied (#21).

The Government bears the burden of establishing that probable cause existed for traffic stop. *See United States v. Adler*, 590 F.3d 581, 583 (8th Cir. 2009). "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Defendant argues that the stop was unconstitutional because an objectively reasonable officer would not have had probable cause to stop his wrecker for impeding traffic and that Arkansas's impeding traffic law, Arkansas Code Annotated § 27-51-301(b), is unconstitutionally

vague.

Probable cause that a driver has committed any traffic violation, no matter how minor, provides sufficient justification under the Fourth Amendment to stop a vehicle. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). The officer's subjective motivation is irrelevant. *Brigham City v. Stuart*, 547 U.S. 398, 126 S.Ct. 1943, 1948, 164 L.Ed.2d 650 (2006). The issue for the Court is to determine whether a reasonable officer witnessing what Trooper Astin testified that he witnessed would believe that a traffic violation had been committed.

Trooper Astin testified that he observed a light green Ford Crown Victoria following close behind a Chevrolet wrecker loaded with a red car. The Defendant was driving the wrecker. Trooper Astin testified that the Ford Crown Victoria repeatedly fell back from the wrecker. He stated that both cars were traveling between 65-70 miles per hour in the inside left lane (fast lane). Trooper Astin subsequently followed Defendant for a several miles before stopping the wrecker because it was impeding the flow of traffic in the left lane. After stopping Defendant and asking for license and registration, a subsequent search of the red vehicle loaded on the wrecker revealed the cocaine.

Trooper Astin videoed a portion of the time in which he believed that Defendant was impeding traffic. The video shows that Defendant and the Ford Crown Victoria were in the passing lane and that Trooper Astin moved to the inside lane to pass the Ford Crown Victoria. Trooper Astin then pulled back into the passing lane behind Defendant. Defendant passed several large transport trucks before pulling back into the right lane. The Ford Crown Victoria passed the wrecker as soon as the wrecker pulled into the right lane. Trooper Astin testified that

he it was his belief that Defendant was impeding the flow of traffic.

Arkansas Code Annotated § 27-51-301(b) provides that "motor vehicles shall not be operated continuously in the left lane of a multilane roadway whenever it impedes the flow of other traffic."

The Court credits Trooper Astin's testimony regarding the movements during the relevant time period between the Ford Crown Victoria and Defendant's Chevrolet wrecker and finds that there was sufficient objective probable cause for a reasonable officer to make a traffic stop for impeding traffic in violation of Arkansas Code Annotated § 27-51-301(b). *See Sims v. Arkansas*, 356 Ark. 507, 157 S.W.3d 530, 533-34 (2004) (nothing inherently unconstitutional or invalid about initial traffic stop when the reason for pursuing driver was officer's belief that vehicle was obstructing traffic; officer subsequently observed that tail light and break light were out and stopped the vehicle).

Defendant also argues that Arkansas's impeding traffic statute is unconstitutionally vague because it requires an officer's subjective opinion as to whether someone is impeding traffic. Defendant's argument fails as Arkansas Code Annotated § 27-51-301(b) was presumptively valid at the time Trooper Astin stopped Defendant. *See United States v. Gregory,* 302 F.3d 805, 809 (8th Cir. 2002) (defendant's argument following-too-closely traffic law unconstitutionally vague need not be decided; statute is "presumptively valid" in context of probable cause determination).

IT IS SO ORDERED THIS   15   day of February , 2012.

                                                                  _____
                                                                  James M. Moody
                                                                  United States District Judge